JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 22-235 JGB (SPx)** | Date | April 7, 2022 |
| Title | ***Steven La Bella, et al. v. Bamboo IDE8 Insurance Services, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| MAYNOR GALVEZ/Tanisha Carrillo | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

Proceedings:    **Order (1) GRANTING Plaintiffs' Motion to Remand to San Bernardino County Superior Court; and (2) VACATING the April 11, 2022 hearing (IN CHAMBERS)**

Before the Court is a motion to remand filed by Plaintiffs. ("Motion," Dkt. No. 16.)  The Court determines this matter is appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion and REMANDS the case to San Bernardino County Superior Court.

## I.    BACKGROUND

On November 15, 2021, Steven and Izella La Bella ("Plaintiffs" or "the La Bellas") filed a verified complaint against Defendants Catlin Insurance Company, Inc. ("Catlin"), Bamboo IDE8 Insurance Services, LLC dba Bamboo Insurance ("Bamboo"), Codeblue LLC dba Codeblue 360 ("Codeblue"), Insurance Claims Management, Inc. ("ICM"), and Mark E. Logan (Mr. Logan) (collectively, Defendants) in the Superior Court of California for the County of San Bernardino.  ("Complaint," Dkt. No. 1-1.)  The Complaint asserts four causes of action: (1) breach of contract; (2) bread of implied covenant of good faith and fair dealing; (3) negligence; and (4) unlicensed insurance activity.  (Complaint.)

On February 4, 2022, Defendants Catlin and Bamboo removed to this Court alleging diversity jurisdiction.  ("Notice of Removal," Dkt. No. 1.)  Codeblue and Insurance ICM joined in the removal.  ("Joinder in Notice of Removal," Dkt. No. 1-3.)

---

**CIVIL MINUTES—GENERAL**

The La Bellas moved to remand on March 7, 2022.  ("Motion," Dkt. No. 16.)  On March 21, 2022, Bamboo and Catlin opposed.  ("Opp. 1," Dkt. No. 23.)  On the same day, Codeblue and ICM opposed.  ("Opp. 2," Dkt. No. 24.)

## II.   FACTS

On September 19, 2020, the La Bellas experienced a "water loss event" in their home located in Fontana, California.  (Compl. ¶¶ 13, 15.)  Plaintiffs believe that a fire sprinkler pipe failed.  (Id. ¶ 15.)  The failure led to a flood of water from the ceiling that damaged virtually all of the rooms, the flooring, drywall, lights and fixtures, as well as personal property and other building components.  (Id.)  The water damage rendered the home uninhabitable.  (Id.)

The La Bellas' house was insured by Bamboo and Catlin.  (Id. ¶ 12.)  The La Bellas have fulfilled their contractual obligations under the insurance policy, including prompt and full payment of the policy premium, and gave timely notice of the loss to their insurers.  (Id. ¶ 16.)  The La Bellas also paid for "upgraded insurance" that included extended replacement coverage and provides that "[i]n the event of a covered loss to the residence premises, we will pay to repair or replace the damaged or destroyed dwelling with like or equivalent construction, up to 25% over the policy's limit of liability."  (Id. ¶ 17.)  Their insurance policy provided for dwelling coverage in the amount of $350,000.00.  (Id.)

After the water event, Bamboo arranged for ICM and Codeblue to inspect the loss and administer remediation and repairs.  (Id. ¶ 18.)  On information and belief, ICM and/or Codeblue obtained an estimate from one or more contractors for the repair of the home but the estimate was never provided to the La Bellas.  (Id.)  Bamboo also hired unlicensed insurance adjuster Mr. Logan to inspect the subject loss and prepare a repair estimate on or about September 23, 2020.  (Id. ¶ 19.)  Mr. Logan improperly prepared a "low ball" estimate for the primary benefit of Catlin and Bamboo.  (Id.)

In October 2020, the La Bellas repeatedly contacted Bamboo about the home's repair status.  (Id. ¶ 20.)  Bamboo assured them that it was working with Codeblue and Mr. Logan to get the repairs started.  (Id.)  Codeblue never made the repairs.  (Id.)

On February 26, 2021, Bamboo informed the La Bellas that the contractor they arranged through Codeblue had "declined to do the job," and that it would be Plaintiffs "responsibility to retain a contractor of [their] choice to complete the loss related repairs in a timely manner."  (Id. ¶ 21.)  Bamboo waited more than five months after the water event to tell Plaintiffs to find a contractor themselves.  (Id.)

On March 26, 2021, the La Bellas, Mr. Logan, and a contractor hired by the La Bellas conducted a site inspection of the home.  (Id. ¶ 22.)  The inspection revealed that the home sustained catastrophic water damage and caused a nearly complete loss of the home's interior, which indicated that the project would require extensive costly repairs.  (Id.)  The nature and

scope of the damage was so severe that it could not be repaired for approximately $25,000, as Mr. Logan and Bamboo suggested.  (Id.)

Plaintiffs' contractor prepared a repair estimate.  (Id. ¶ 23.)  Bamboo refused to agree to the estimate amount based on the counter-estimate of the unlicensed adjuster Mr. Logan.  (Id.) The La Bellas proceeded with the repairs out-of-pocket.  (Id. ¶ 24.)  The repair was completed on or around July 30, 2021, for a total cost of 112,856.05, which excludes other expenses the La Bellas incurred as a result of Defendants' failure to repair or cover the cost of the project.  (Id.)

## III.   LEGAL STANDARD

### A.  Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013).  As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014).  The court must resolve doubts regarding removability in favor of remanding the case to state court.  Id.

The district court may remand the case sua sponte or on the motion of a party.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)).  Such questions must be addressed at the outset of a case: "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868).  Thus, the Court must ordinarily address any jurisdiction questions first, before reaching the merits of a motion or case.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998).

"Doubt arising from inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand."  Charlin v. Allstate Ins. Co., 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998).  Further, a court "must resolve all material ambiguities in state law in plaintiff's favor" on a motion to remand.  Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).  "When there are real ambiguities among the relevant state law authorities, federal

courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities.  (Id. at 1118.)

## B.  Fraudulent Joinder

Fraudulent joinder "is a term of art."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  (Id.) (internal quotations and brackets omitted).  To show that a defendant has been fraudulently joined, it must be established that "the individual[] joined in the action cannot be liable on any theory."  Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).  Thus, provided that there is a "non-fanciful possibility that plaintiff can state a claim under [state] law against the nondiverse defendants," a joinder is not considered fraudulent.  Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012).

## IV.  DISCUSSION

## A.  Citizenship

A defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.  Complete diversity of citizenship is required, i.e., "the citizenship of each plaintiff [must be] different from that of each defendant."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009).

Steven and Izella La Bella are citizens of California.  (Compl. ¶ 1.)  Catlin is a corporation organized under the laws of Texas and its principal place of business is in Connecticut.  (Notice of Removal ¶ 7.)  ICM is a corporation organized under the laws of Delaware and its principal place of business is in Wisconsin.  (Id.)  Bamboo is a limited liability company and its citizenship is determined based on the citizenship of each member or owner of the company.  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  The sole member of Bamboo is John Chu, who is a citizen of Utah.  (Notice of Removal ¶ 8.)  Codeblue is also a limited liability company and its sole member is ICM.  (Id.)  The Complaint alleges that Mr. Logan works in California (Compl. ¶ 9); Catlin and Bamboo, on information and belief, attest that Mr. Logan is a citizen of California (Notice of Removal ¶ 9).

A single non-diverse defendant precludes diversity jurisdiction.  The La Bellas and Mr. Logan are all citizens of California.  Accordingly, there is not complete diversity of citizenship on the face of the Complaint.  Catlin, Bamboo, Codeblue, and ICM (collectively, "Removing Defendants") contend that Mr. Logan is a sham defendant and the Court should disregard his citizenship for the purposes of this Motion.

Codeblue and ICM argue that Plaintiffs' failure to serve Mr. Logan is fatal to the Motion because of the "snap removal" doctrine, which permits removal where the forum defendant has yet to be served. Choi v. GM LLC, 2021 WL 4133735, *2 (C.D. Cal. Sept. 9, 2021).[1] Their reliance on Choi is misplaced because diversity was not an issue in that case. Gralnik v. DXC Technology, Inc., 2021 WL 5203333, *3 (C.D. Cal. Nov. 8, 2021). In Gralnik, the court held that "even if removal is allowed under section 1441(b)(2) because [the forum defendant] was not served, a [c]ourt cannot ignore a defendant's citizenship simply because the defendant has not been served…[t]he remand inquiry thus turns on whether [the forum defendant] was fraudulently joined." Id. (internal quotations and citations omitted).

## B. Fraudulent Joinder

Removing Defendants contend Mr. Logan is a "sham defendant" and that his citizenship must be disregarded because Plaintiffs cannot assert claims against Mr. Logan for negligence and "unlicensed insurance adjusting". (Opp. 2 at 5; see Opp. 1.)

"[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). Remand is appropriate "unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency. (Id.) Thus, defendants have the "burden of establishing that Plaintiff is incapable of amending his complaint to state a valid [ ] claim." Rangel v. Bridgestone Retail Operations, LLC, 200 F. Supp. 3d 1024, 1034 (C.D. Cal. 2016) (citation omitted). Defendants carry a heavy burden because they must show that there is no possibility that Plaintiffs can establish a cause of action against Mr. Logan. See Gralnik, 2021 WL 5203333, *4.

The Oppositions focus on the claims and allegations lodged against Mr. Logan in the operative complaint,[2] which miss the mark. The relevant question here is not what Plaintiffs allege in their Complaint against Mr. Logan but whether there is any claim they can make against Mr. Logan if they amend their Complaint. That the Complaint may not state a claim against Mr. Logan is not dispositive. Instead, it is the burden of the defendant to "establish[] that Plaintiff is incapable of amending his complaint to state a valid [ ] claim." Rangel, 200 F. Supp. 3d at 1034;

---

[1] Codeblue and ICM rely on Choi for this proposition but fail to provide a pincite. (Opp. 2 at 5.)

[2] Bamboo and Catlin argue that the fraudulent joinder standard is "whether plaintiff has set forth a valid cause of action against the non-diverse party…[in its determination,] the court evaluate[s] all of the factual allegations in the plaintiff's court pleadings…and then examin[s] relevant state law." (Opp. 1 at 7.) The authority relied on is from the Fifth Circuit and is not applicable here. Bamboo and Catlin rely on this non-binding out-of-circuit law, to their detriment, throughout their Opposition. (See Opp. 1 at 10) (citing the authority for the proposition that plaintiffs cannot amend their complaint to include additional allegations against the forum defendant).

see also Padilla, 697 F. Supp. 2d at 1159; Martinez v. Michaels, 2015 WL 4337059, *8-9 (C.D. Cal. July 15, 2015).

The Court finds that Plaintiffs may establish a claim against Mr. Logan in an amended complaint.  Removing Defendants fail to address that under California law, insurance adjusters may be individually liable for negligent misrepresentation.   Bock v. Hansen, 225 Cal. App. 4th 215, 231 (Cal. Ct. App. 2014).  The Bock court distinguished prior California authority that found no liability for insurance adjusters where they were involved in "initial procurement of a policy," but in Bock, the adjuster was "involved in adjusting a loss."  Id.  225 Cal. App. 4th at 227. "Most district courts to directly consider Bock's impact on negligent misrepresentation claims against insurance adjusters…have held that the uncertainty surrounding the proper scope of Bock indicates that [such claims are] not foreclosed by settled principles of California law and a state court must determine whether [they] ha[ve] merit."  Njoku v. GEICO General Insurance Company, 2020 WL 4915433 (N.D. Cal. May 6, 2020) (internal quotations and citations omitted) (listing cases).  Even before Bock, the Ninth Circuit found that a district court erred in holding that plaintiffs had fraudulently joined an insurance adjuster in a complaint alleging fraud and negligent misrepresentation because "[t]here is now some authority in California case law holding insurance agents liable for common law fraud or negligent misrepresentation."  Cecena v. Allstate Ins. Co., 358 F. App'x 798, 799 (9th Cir. 2009) (citations omitted).  Based on a review of the allegations, the Court concludes that Plaintiffs may state a claim against Mr. Logan in amending the Complaint.

Removing Defendants do not meet their burden in establishing that Mr. Logan is a sham defendant.  Therefore, the citizenship of Mr. Logan must be considered in the determination of federal jurisdiction.  As noted, because both Mr. Logan and Plaintiffs are citizens of California, there is no diversity jurisdiction.  Remand is required.

## V.   CONCLUSION

For the reasons above, the Court GRANTS the Motion and REMANDS the action to the Superior Court for the County of San Bernardino.  The April 11, 2022 hearing is VACATED.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**